[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Darrell Coston appeals from the judgment of the trial court adjudicating him a sexual predator. Coston claims that the trial court's adjudication was in error because: (1) R.C.2950.09(C) is unconstitutional; and (2) the adjudication was based on insufficient evidence. We overrule both assignments of error.
On November 20, 1974, having entered guilty pleas to two counts of aggravated burglary and to one count of rape in case number B-741966, Coston was sentenced to four to twenty-five years' incarceration on each of the aggravated burglaries and to seven to twenty-five years' incarceration on the rape count. The trial court ordered the sentences to run consecutively. On the same date, having entered a guilty plea to one count of rape in case number B-742182, Coston was sentenced to seven to twenty-five years' incarceration. The sentence was ordered to run concurrent to his sentence in case number B-741966.
In April 2000, while he remained incarcerated, Coston was returned to the trial court for the hearing that gave rise to the adjudication pursuant to R.C. Chapter 2950. In his first assignment of error, Coston claims that the trial court erred in failing to find R.C. Chapter 2950.09(C) unconstitutional under the United States and Ohio Constitutions. This assignment of error is overruled on the authority ofState v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, and Statev. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
In his second assignment of error, Coston claims that the trial court's sexual-predator adjudication was based upon insufficient evidence. We disagree. The record before us makes clear that the trial court considered the statutory factors from R.C. 2950.09 in making its determination that Coston is a sexual predator.
The facts underlying the 1974 convictions were that Coston and another broke into a couple's home and raped the wife at gunpoint, and then stole their car, electronic equipment and coins. Five days later, Coston and two others broke into a family's home, raped the wife and a daughter at gunpoint, and stole a car and various other property, including the husband's gun. Coston was in prison from 1974 through 1981, when he was paroled. Within two weeks of his release from prison, Coston committed a robbery offense. Coston was convicted and sentenced to five to fifteen years' incarceration.
The judge who made the sexual-predator adjudication was the same judge who had presided over the original criminal proceedings. He was therefore presumptively well acquainted with Coston's display of depravity in the underlying offenses and determined, after consideration of the factors in R.C. 2950.09, that a person capable of such actions was likely to commit a sexually-oriented offense in the future.
At the sexual-predator hearing, Coston presented evidence of his participation in a sex offender program and a letter from an employer. While Coston's attempts at rehabilitation are commendable, the viciousness of the original offenses, and the short period of time in which he re-offended upon release, sufficient evidence existed to support an adjudication designating Coston a sexual predator. Coston's second assignment of error is overruled.
Therefore, the judgment of the court of common pleas adjudicating Coston a sexual predator is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.